UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

State Ex Rel ARTHUR WEST,

                      Plaintiff,

        v.

MARTI MAXWELL, et al.,

                      Defendants.

CASE NO. C10-5275BHS

ORDER DENYING
PLAINTIFF'S MOTION
FOR REMAND

     This matter comes before the Court on Plaintiff Arthur West's ("West") motion for

remand (Dkt. 10).  The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby denies the motion for

the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

     On April 5, 2010, West filed a complaint against Defendants in this matter in

Thurston County Superior Court.  Dkt. 3-3.  On April 22, 2010, Defendants filed a notice

of removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Dkt. 1.

On May 12, 2010, West filed a motion to remand.  Dkt. 10.  On May 24, 2010,

Defendants filed a response to the motion (Dkt. 14) and West did not reply.

     In the section titled "Introduction" in his complaint, West summarizes his claims

against Defendants as follows:

          This is an action for a declaratory ruling in regard to a pattern of
     secrecy and negligent administration of the legislative authority and the

Superior Court of Thurston County that has cost the public Millions of Dollars in needless and unconstitutional expenditures resulting from the illegal exercise of the office of special attorney by Michael Patterson, Mark Anderson, and their firm, and the illegal exercise of the office of Judge by the Honorable Bruce Heller.

Dkt. 3-3 at 1 ¶ 1.1.  At the end of the complaint, West lists the causes of action as (1) "Constitutional and Statutory Writs of Mandamus/Quo Warranto," (2) "42 USC Claims," (3) Negligence, (4) Declaratory Judgment, and (5) "Unconstitutional Expenditure of Public Funds."  Dkt. 3-3 at 7-8.

## II. DISCUSSION

### A.    28 U.S.C. § 1441(c)

West moves the Court to remand the instant matter back to state court, citing 28 U.S.C. § 1441(c).  Section 1441(c) authorizes remand of all issues in which state law predominates only where the federal claims are "separate and independent" from the state law claims joined in the complaint. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 786 (3rd Cir. 1995). "[W]here there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c)." *Id.* (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)).

First, the Court has original jurisdiction over West's federal claims, which include those brought under 42 U.S.C. § 1983[1] and his constitutional claims to the extent that such claims invoke the United States Constitution.  *See* 28 U.S.C. § 1331.  Next, it appears that West's claims are not separate and independent; rather, they arise out of and depend upon the same set of operative facts that make up his state law claims.  *See* Dkt. 3-3.  Indeed, in his complaint West does not separate out the facts supporting his allegations of violations of his civil rights from those supporting his state law claims.  *See*

---

[1]  Although West only refers to "42 USC" in his complaint, it appears to the Court that he is alleging civil rights violations committed by Defendants and therefore, is attempting to bring his claims under 42 U.S.C. § 1983.  *See* Dkt. 3-3 at 5 ¶ 3.8 and 8 ¶ 4.2.

Dkt. 3-3 at 2-9.  Moreover, in his motion to remand, West does not support his argument that his state law claims are separate and independent from his federal claims, but states that "there is a legitimate question as to whether the federal claim is separate and independent or a mere appendage to State executive relation claims that cannot be removed without a violation of the 11th Amendment."  Dkt. 10 at 3.  Therefore, it appears that West's argument for remand is that removal of certain claims to this Court, and thus a decision by a federal court on his state law claims, will result in a violation of the Eleventh Amendment to the United States Constitution.  Dkt. 10 at 3.

The Court concludes that West's argument that the Court is somehow precluded from hearing his claims based on a possible Eleventh Amendment violation is without merit.  In support of his argument, West cites two cases involving the Eleventh Amendment, however, neither case is on point as they involve issues of sovereign immunity as they relate to the United States and in no other way support West's contentions regarding his motion to remand.  Dkt. 10 at 3 (citing *Dugan v. Rank*, 372 U.S. 609, 620-21 (1963) and *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 704 (1948)).  Further, it appears from the face of West's complaint that his state law claims are not separate and independent from his civil rights claims (*see* Dkt. 3-3 at 2-9) and he fails to show in his motion to remand that such claims are actually separate and independent.  *See* Dkt. 10 at 2-3.  Therefore, the Court concludes that West's motion to remand under § 1441(c) is denied.  *See Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994) (citing *Buchner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993) (declining to authorize a remand where federal court had original jurisdiction over action involving FDIC)).

**B.     Supplemental Jurisdiction**

West moves the Court, in the alternative, to decline supplemental jurisdiction over the state law claims asserted in this matter.  Dkt. 10 at 4-6.  The governing statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> that are so related to claims in the action within such original jurisdiction
> that they form part of the same case or controversy under Article III of the
> United States Constitution. Such supplemental jurisdiction shall include
> claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Section 1367 codified the rule set out in *United States v. Gibbs*, 383

U.S. 715 (1966): A federal court may exercise supplemental jurisdiction when a plaintiff

has alleged state and federal claims that "derive from a common nucleus of operative

fact." *Gibbs*, 383 U.S. at 725. Supplemental jurisdiction is proper when a plaintiff's state

claims are "so intertwined with other matters pending before the court as to make the

exercise of such jurisdiction over [the state claims] appropriate" and the state and federal

claims are such that the plaintiff "would ordinarily be expected to try them all in one

judicial proceeding." *Republic of Phil. v. Marcos*, 862 F.2d 1355, 1359 (9th Cir. 1988).

Here, West does not dispute that the Court has the authority to exercise

supplemental jurisdiction under § 1367(a).  Dkt. 10 at 4-6.  However, West argues that

the Court should refrain from exercising supplemental jurisdiction under § 1367(c).  *Id.*

If a court determines it has the authority to exercise supplemental jurisdiction, it

then decides whether it should nonetheless decline to maintain jurisdiction.  *See*

§ 1367(c).  This is because supplemental jurisdiction is "a doctrine of jurisdiction, not of

plaintiff's right." *See Gibbs* at 726. "Its justification lies in considerations of judicial

economy, convenience and fairness to litigants." *Id.*  Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction
> over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over
> which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has
> original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons
> for declining jurisdiction.

28 U.S.C. § 1367(c).

West states in his motion to remand that § 1367(c)(3) is not "clearly inapplicable."

However, because the Court has original jurisdiction over claims asserted by West and

ORDER - 4

has not dismissed those claims, subsection (c)(3) is inapplicable to the Court's supplemental jurisdiction over this matter.  *See* § 1367(c)(2).

Next, West maintains that his state law claims should be remanded under § 1367(c)(2) because his state law claims substantially predominate over his federal law claims over which the Court has original jurisdiction.  Dkt. 10 at 4-6.  Again, West cites the Eleventh Amendment as the "important countervailing interest to be served by relegating [West's] state law claims to the state court."  Dkt. 10 at 5 (citing *Borough*, 45 F.3d at 789).  Because West has failed to show how his argument regarding the Eleventh Amendment constitutes an important interest that should preclude the Court from exercising supplemental jurisdiction and it appears from the complaint that state law claims do not substantially predominate in this matter, the Court concludes that West's motion to remand under § 1367(c) should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for remand (Dkt. 10) is **DENIED**.

DATED this 29th day of June, 2010.


_____
BENJAMIN H. SETTLE
United States District Judge