1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

State Ex Rel ARTHUR WEST,

                            Plaintiff,

        v.

MARTI MAXWELL, et al.,

                            Defendants.

CASE NO. C10-5275BHS

ORDER

        This matter comes before the Court on Defendants' motions for summary judgment (Dkts. 15, 18, and 21) and motions for sanctions and pre-filing order (Dkts. 47 and 53). Also before the Court is Plaintiff Arthur West's ("West") motion for sanctions and pre-filing order (Dkt. 49). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motions for summary judgment, grants in part and denies in part Defendants' motions for attorney's fees and pre-filing order, and denies West's motion for sanctions and pre-filing order for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

        The following facts are undisputed in the record unless otherwise indicated:

**A.      West's Previous Lawsuit Against Thurston County, et al.**

        In November of 2007 West filed a complaint against Thurston County, the Association of Washington Cities, the Port of Olympia, and others. Dkt. 16, Exh. 1. West's complaint alleged the following: (1) violation of the Public Records Act, (2)

ORDER - 1

unconstitutional expenditure of public funds, (3) fraud, and (4) negligence. *Id*. West also requested declaratory relief based on representation of Thurston County by "unlawful private entities." *Id*. The introduction to West's complaint stated:

> This is an action to compel disclosure of records requested from defendants and to compel reasonable procedures to be followed to answer requests. Plaintiff also seeks an order preventing Thurston County from appearing through private counsel in violation of the express terms of State law.

Dkt. 16, Exh. 1 at 8-9. West maintained that Thurston County's allowance of a private law firm to act for the Thurston County Prosecutor was a violation of the law for which he was entitled to relief. *Id*. at 9. West requested an order preventing counsel "who have not been duly and lawfully appointed" from continuing to represent Thurston County. *Id*. at 13. West also complained that the defendants had engaged in an "unconstitutional expenditure of public funds." *Id*.

Thurston County has a liability coverage agreement with the Washington Counties Risk Pool ("WCRP"), a public agency created to provide coverage for liability exposure of counties in Washington. When litigation was initiated by West against Thurston County, WCRP retained the Patterson Defendants to represent Thurston County in the lawsuit. Dkt. 16 at ¶ 4.

All Thurston County judges had recused themselves from the case filed by West. Dkt. 16, Exh. 17. Because West named Thurston County as a defendant in the action, Thurston County Presiding Judge Gary Tabor reassigned the case to King County Superior Court Judge Bruce Heller as a visiting judge. Dkt. 16, Exh. 2. Lyndsey Downs, Judicial Assistant to Judge Tabor, notified the parties of the case reassignment through a letter dated June 19, 2008. *Id*. West did not file any pleading contending that the assignment of the case to Judge Heller was improper, nor did West file an affidavit of prejudice against Judge Heller. Dkt. 16, ¶ 9.

On June 4, 2008 West filed a "Motion for Order to Show Cause" on his claim asserting violations of the Public Records Act. *See* Dkt. 16, Exh. 3. The defendants filed

a response, a hearing on the motion was held, and on December 30, 2008, Judge Heller issued an order dismissing West's Public Records Act claim against Thurston County. *Id.*

Thurston County filed a motion for judgment on all of West's remaining claims in the case, to which West responded, and on January 13, 2009, Judge Heller heard oral arguments on the motion. Dkt. 16, Exh. 4. Judge Heller orally ruled that West's claims of unconstitutional expenditure of public funds, fraud, and negligence were dismissed. *Id.*, *see* Dkt. 16, Exh. 13 (Judge Heller's April 21, 2010 order including the oral ruling made January 13, 2009). Judge Heller also ruled that the parties should submit supplemental briefing on whether West had standing to bring his claim against Thurston County for the legal representation by "unlawful private entities." Dkt. 16, Exh. 4. The parties submitted additional briefing on the issue of standing to Judge Heller. However, the court incorrectly believed that the briefing was related to issues that had already been resolved, and took no action. *See* Dkt. 16, Exh. 7.

Mark Anderson ("Anderson"), a named defendant in the instant suit, joined the law firm of Patterson Buchanan in February of 2009. Dkt. 16, ¶ 3. On April 24, 2009, Anderson filed a notice of substitution of counsel for Brian Waters ("Waters"), an attorney who had previously represented Thurston County in the case filed by West. *Id.* at ¶ 5. All briefing filed in support of Thurston County's motion that resulted in summary judgment against West was filed prior to Anderson's employment with Patterson Buchanan. *Id.* at ¶ 6.

On December 11, 2009, West sent an email to Judge Heller's staff stating that he had "lost track" but thought that there was a "ruling outstanding in regard to Thurston County." Dkt. 16, Exhs. 5 & 7. On February 11, 2010, Anderson sent a letter to Judge Heller regarding a status conference that was scheduled for February 16, 2010. The letter stated that Waters had previously brought a motion for summary judgment on all of West's claims against Thurston County and that Anderson thought all but one of those claims had been decided by the court although orders had not been issued on some of the

1  court's decisions.  Dkt. 16, Exh. 6.  The letter stated that it was Anderson's understanding

2  that the one outstanding claim was that of illegal representation.  *Id*.  Having read

3  Anderson's letter, Judge Heller realized that West's claim for illegal representation had

4  "slipped through the cracks."  Dkt. 16, Exh. 7.

5       On March 31, 2010, Judge Heller held a telephonic status conference in which he

6  began by apologizing to the parties for the delay in the case.  Dkt. 16, Exh. 7.  Judge

7  Heller then ruled that West did not have standing to bring the illegal representation claim.

8  Further, he ruled that even if West did have standing, the claim would have been

9  dismissed on the merits.  *Id*.  Following the telephone conference, West sent an email to

10 the court and opposing counsel stating his assertion, for the first time (Dkt. 16, ¶ 19), that

11 Judge Heller was exercising judicial power unlawfully.  Dkt. 16, Exh. 8.  The next day,

12 West sent an email to Judge Heller's bailiff and to opposing counsel stating that Judge

13 Heller was an "entity unlawfully exercising the office of a Thurston County Judge" and

14 that "bar complaints, tort claims, and judicial conduct commission complaints will issue

15 all around."  Dkt. 16, Exh. 9.  Also on that day, West sent an email to the King County

16 Prosecutor, the Thurston County Prosecutor, the King County Ombudsman, the Attorney

17 General's Office, and opposing counsel, that included a document requesting an

18 "investigation of unconstitutional expenditure of funds and for filing of writs of *quo*

19 *warranto*."  Dkt. 16, Exh. 10.

20      On April 2, 2010, Judge Heller signed an order titled "Order Regarding Email

21 Communications With The Court," that instructed West not to make his legal arguments

22 to the court through email.  Dkt. 16, Exh. 11.  The order further stated that if West wished

23 to have the court consider any issues regarding the transfer of the case from Thurston

24 County, he should file a proper motion and the matter would be heard.  *Id*.

25      At the time of the filing of the instant action (*see* Dkt. 3-3), West's previous

26 lawsuit before Judge Heller was still pending.  Dkt. 16, Exh. 13.  While Judge Heller had

27 orally ruled that Thurston County was entitled to summary judgment on West's claims

28

ORDER - 4

against it, West's claims against the other defendants still remained. *Id*. On April 21,

2010, Judge Heller signed an order on his previous oral rulings granting summary

judgment in favor of Thurston County. *Id*.

On April 28, 2010, Judge Heller recused himself from West's lawsuit indicating

that he had been advised that West had filed a separate legal action against him. Dkt. 16,

Exh. 13. The next day, Judge Heller's bailiff emailed the order of recusal to West and

counsel for defendants informing them that the case had been reassigned to King County

Judge Bruce Hilyer. Dkt. 16, Exh. 15.

On May 4, 2010, West emailed a "motion to reconsider and vacate" to counsel for

defendants and others. Dkt. 17. On May 17, 2010, Judge Paula Casey, Presiding Judge

of Thurston County Superior Court, sent a letter to West and counsel for defendants,

stating:

> Dear Mr. West and Counsel:
> This case was declared a visiting judge matter on or about June 19,
> 2008, when the entire Thurston County Superior Court bench recused.
> Following standard procedure the Presiding Judge delegated responsibility
> to ask our nearby jurisdictions to take this matter and King County Superior
> Court Judge Bruce Heller agreed to take this matter. On April 28, 2010
> Judge Heller recused from further proceedings. With the recusal of Judge
> Heller an Order of Reassignment was issued by the Judge Mary E. Roberts,
> Chief Regional Justice Center Judge of King County Superior Court,
> assigning this matter to the Judge Bruce Hilyer as the visiting judge.
> As Presiding Judge for the Thurston County Superior Court I concur
> in the re-assignment of Judge Hilyer. Thurston County Superior Court
> greatly appreciates the efforts of the judges and staff of the King County
> Superior Court in this matter.
>
> Very truly yours,<br>Paula Casey, Presiding Judge

Dkt. 16, Exh. 17. On May 20, 2010, Judge Hilyer signed an order denying West's motion

to reconsider and vacate. Dkt. 16, Exh. 18. The order stated that the previous order

"shall not be modified" and that "[a]ll causes of action asserted by [West] against

Defendant Thurston County are DISMISSED WITH PREJUDICE." *Id*.

1

**B.      Instant Suit**

2        On April 5, 2010, West filed the complaint in the instant suit against Defendants in

3  Thurston County Superior Court.  Dkt. 3-3.  In the section titled "Introduction" in his

4  complaint, West summarizes his claims against Defendants as follows:

5                This is an action for a declaratory ruling in regard to a pattern of
          secrecy and negligent administration of the legislative authority and the
6         Superior Court of Thurston County that has cost the public Millions of
          Dollars in needless and unconstitutional expenditures resulting from the
7         illegal exercise of the office of special attorney by Michael Patterson, Mark
          Anderson, and their firm, and the illegal exercise of the office of Judge by
8         the Honorable Bruce Heller.

9  Dkt. 3-3 at 1 ¶ 1.1.  At the end of the complaint, West lists the causes of action as (1)

10 "Constitutional and Statutory Writs of Mandamus/Quo Warranto," (2) "42 USC Claims,"

11 (3) Negligence, (4) Declaratory Judgment, and (5) "Unconstitutional Expenditure of

12 Public Funds."  Dkt. 3-3 at 7-8.  Similar to his previous lawsuit, West asserts that the

13 Patterson Defendants' representation of Thurston County is illegal and unconstitutional

14 and that Thurston County violated the Public Records Act.  *See* Dkt. 3-3 and Dkt. 16,

15 Exh. 12.

16       West, in the instant complaint, alleges that Judge Heller's decisions in the previous

17 suit are void because he illegally exercised the office of visiting Thurston County Judge.

18 Dkt. 16, Exh. 12.  West also asserts that the King and Thurston County Prosecutors have

19 a duty to arrest and prosecute Judge Heller and attorney Patterson for impersonation of a

20 public officer.  *Id*.  West maintains that a writ of mandamus should be issued to compel

21 King and Thurston County Prosecutors to file a writ of *quo warranto* against Judge Heller

22 and the Patterson Defendants.  *Id*.

23       On April 22, 2010, Defendants filed a notice of removal based on federal question

24 jurisdiction pursuant to 28 U.S.C. § 1331.  Dkt. 1.  On June 29, 2010, the Court issued an

25 order denying West's motion to remand this action to Thurston County Superior Court.

26 Dkt. 24.

27

28

ORDER - 6

1    On June 17, 2010, Defendants Patterson Buchanan Fobes Leitch & Kalzer PS,

2    Michael Patterson, and Mark Anderson ("Patterson Defendants") filed a motion for

3    summary judgment (Dkt. 15), in which Defendants Marti Maxwell, Thurston County,

4    Thurston County Prosecuting Attorney and Thurston County Commissioners ("Thurston

5    County Defendants") joined and concurred with the request for summary judgment (Dkt.

6    18[1]).  Also on June 17, 2010, Defendants King County Superior Court Judge Bruce

7    Heller, King County Prosecuting Attorney Daniel T. Satterberg, and King County ("King

8    County Defendants"), filed a motion for summary judgment (Dkt. 21).  On June 29, 2010,

9    West filed a response to the three motions for summary judgment which he titled

10   "Plaintiff's Preliminary Reply to Defendants' Motions."  Dkt. 25.  On July 8, 2010, West

11   filed a second response to the motions for summary judgment which he titled "Plaintiff's

12   Second Reply."  Dkt. 41.  On July 9, 2010, Thurston County Defendants, Patterson

13   Defendants, and King County Defendants each filed replies. Dkts. 43, 44, and 45.

## II. DISCUSSION

**A.    Summary Judgment Standard**

16   Summary judgment is proper only if the pleadings, the discovery and disclosure

17   materials on file, and any affidavits show that there is no genuine issue as to any material

18   fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

19   The moving party is entitled to judgment as a matter of law when the nonmoving party

20   fails to make a sufficient showing on an essential element of a claim in the case on which

21   the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

22   (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

23   could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

24   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

---

[1] The Court notes that Thurston County Defendants filed a praecipe (Dkt. 20) to their motion for summary judgment (Dkt. 18) and the Court will refer to both docket numbers when referring to their motion for summary judgment.

present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if

there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The

Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

issues of controversy in favor of the nonmoving party only when the facts specifically

attested by that party contradict facts specifically attested by the moving party.  The

nonmoving party may not merely state that it will discredit the moving party's evidence at

trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec.

Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.  Conclusory, nonspecific

statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan

v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

"When a motion for summary judgment is properly made and supported, an

opposing party may not merely rely on allegations or denials in its own pleading; rather,

its response must – by affidavits or as otherwise provided in this rule – set out specific

facts showing a genuine issue for trial.  If the opposing party does not so respond,

summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P.

56(e)(1).

**B.    Defendants' Motions for Summary Judgment**

The Patterson Defendants, Thurston County Defendants, and King County

Defendants filed motions for summary judgment against West on all of his claims alleged

against them.  *See* Dkts. 15, 18, & 21.  In filing their motions for summary judgment,

1    Defendants have submitted evidence and cited case law to support the following

2    arguments: (1) The appointment of Judge Heller was proper pursuant to Article IV,

3    Section 7 of the Washington State Constitution; (2) Judge Heller did not forfeit his office

4    as a visiting judge by inadvertently failing to rule on the issue of standing because any

5    such failure was not willful; (3) West is barred under the related doctrines of collateral

6    estoppel and *res judicata* from relitigating the issue of the Patterson Defendants' "illegal"

7    representation of Thurston County as the merits of this claim have already been decided

8    and the claim dismissed; (4) Judge Heller's decision to appoint the Patterson Defendants

9    as special attorneys for Thurston County in pending matters was not improper; (5) West's

10   request for a writ of mandamus is barred because he had an adequate remedy available at

11   law; (6) Judge Heller is absolutely immune from suit for damages and that immunity

12   extends to King County; and (7) King County Prosecutor is absolutely immune from suit

13   for damages and that immunity extends to King County. *See* Dkts. 15, 16, 17, 18, 19, 20,

14   and 21.

15          In response to Defendants' motions and the evidence submitted in support of those

16   motions, West filed two responses.[2] Dkts. 25 & 41.  Although certain Defendants argue

17   that West exceeded the proper page limit in filing these responses, the Court concludes

18   that both responses may be considered, as West could have opted to respond individually,

19   to each motion for summary judgment, through a twenty-four-page brief.  In his

20   responses, West sometimes refers to Defendants' motions for summary judgment as

21   motions to dismiss and argues that the Court should allow him to amend his complaint in

22   lieu of dismissal.  *See generally* Dkts. 25 & 41.  Defendants' motions are clearly brought

23   as motions for summary judgment and therefore the Court will treat them as such and will

24   not consider West's request to amend his complaint in lieu of dismissal.

25

26   ───────────

27          [2] The Court notes that West's motion for an extension of time to respond to the motions
     for summary judgment (Dkt. 23) is denied as moot as West had sufficient time to respond and
     did in fact timely respond to the motions. *See* Dkts. 25 & 41.

28

Having considered West's responses to the motions for summary judgment, the Court finds that such responses do not contain any admissible evidence to support his claims. *See* Dkts. 25 & 41.  Rather, West simply reiterates the claims he asserts in his complaint and lists additional facts without any evidence to support them. *Id*.  The Court is not required to address each of West's unsupported factual allegations and unfounded legal conclusions. *Lujan*, 497 U.S. at 888-89 (holding that conclusory, nonspecific statements in affidavits are not sufficient to defeat summary judgment, and missing facts will not be presumed").  West has failed to submit any proof that raises a question of material fact as to the evidence submitted by Defendants in support of their motions for summary judgment.  As the Court stated above, Rule 56(e)(1) states:

> When a motion for summary judgment is properly made and supported, an opposing party may not merely rely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Indeed, because West has failed to submit any evidence to rebut that properly submitted by Defendants, the Court concludes that Defendants are entitled to summary judgment on all claims asserted by West in this case.

## C.   Defendants' Motion for Attorney's Fees and Pre-filing Order

On July 16, 2010, Buchanan Defendants filed a motion for attorney's fees and pre-filing order against West.  Dkt. 47.  On August 2, 2010, King County Defendants joined in Buchanan Defendants' motion for pre-filing order.  Dkt. 53.  On July 17, 2010, West filed a motion for sanctions and pre-filing order in which he states that he makes the motion "in regard to the vexatious, abusive and harassing pattern of repeated assertion of claims for sanctions by Michael Patterson and his agents."  Dkt. 49.  West did not otherwise respond to either Buchanan Defendants' or King County Defendants' motions.

"District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).  These pre-filing orders "may enjoin the

1   litigant from filing further actions or papers unless he or she first meets certain

2   requirements, such as obtaining leave of the court or filing declarations that support the

3   merits of the case." *Id.*  Here, the Court concludes that Buchanan Defendants' and King

4   County Defendants' motion has merit with respect to their request for a pre-filing order

5   against West.  Therefore, West is subject to the pre-filing order as stated below, since the

6   record, as shown in the order below, clearly shows he is a vexatious litigant based on the

7   frivolous and frequent filings he has made in this Court and others.  *See* Dkts. 16 & 48.

8   The Court concludes that the pre-filing order against West is a sufficient sanction under

9   Rule 11 of the Federal Rules of Civil Procedure and that the Buchanan Defendants are not

10  entitled to attorney's fees.  Further, the Court concludes that West's motion for sanctions

11  and a pre-filing order is without merit as he has not shown any reason why Buchanan

12  Defendants should be subject to sanctions under Rule 11 or a pre-filing order.

### III. ORDER

14  Therefore, it is hereby **ORDERED** as follows:

15  Defendants' motions for summary judgment (Dkts. 15, 18, & 21) are

16  **GRANTED** and West's claims are **DISMISSED with prejudice**;

17  West's motion for sanctions and pre-filing order (Dkt. 49) is **DENIED**; and

18  King County Defendants' motion for pre-filing order (Dkt. 53) and Buchanan

19  Defendants' motion for attorney's fees and pre-filing order (Dkt. 47) are **DENIED in**

20  **part** with respect to the attorney's fees and **GRANTED in part** with respect to the pre-

21  filing order. West is subject to the following pre-filing order:

22  A.     The Court hereby finds West to be a vexatious litigant, and makes this

23  finding based on the following substantive findings about the frivolous and harassing

24  nature of West's litigation:

25  (1)     West has been a party to fourteen federal cases.

26  (2)     West has been a party to 49 Washington state cases.

27

28

1        (3)     West has filed at least one suit in the U.S. District Court for the District of Columbia.  The named defendants include John Roberts, Jeffrey Atkins, William Suter, Anthony Kennedy Bruce Rifkin, Benjamin Settle, Sam Reed, and Rob McKenna.

(4)     Division II of the Washington Court of appeals issued, on April 27, 2010, an award of attorney's fees against West for filing a frivolous appeal.  *West v. Stahley*, __ Wn. App. __, 229 P.3d 943 (Div. 2, April 27, 2010) (No. 37853-1 II).  The published opinion states "This appeal is frivolous. . . . Although we should not discourage citizens from challenging land use decisions that are supported in law, we should nonetheless discourage citizens from filing frivolous lawsuits designed to harass or delay valid land use decisions . . . ."

(5)     In November 2007, West filed a complaint in Thurston County Superior Court alleging (1) violation of the Public Records Act, (2) requesting declaratory relief for representation of the County by "unlawful private entities," (3) unconstitutional expenditure of public funds, (4) fraud, and (5) negligence.

(6)     The named defendants included Thurston County, the Association of Washington Cities, the Port of Olympia and others.

(7)     The introduction to West's complaint described the action as having two primary components: first, West stated that the action was brought to compel disclosure of public records; second, West sought an order preventing Thurston County from appearing through private counsel.

(8)     West asserted that the County's allowance of a private law firm to act for the County prosecutor was a violation of the law, for which he claimed he was entitled to relief.  West contended that defendants had engaged in an "unconstitutional expenditure of public funds."   West sought an order preventing any further representation of Thurston County by counsel "who have not been duly and lawfully appointed."

1           (9)     The law firm of Patterson Buchanan Fobes Leitch & Kalzer, Inc.,

2    P.S., had previously represented Thurston County in litigation.  Thurston County has a

3    coverage agreement with the Washington Counties Risk Pool.  When litigation had been

4    initiated against Thurston County, the Risk Pool retained Patterson Buchanan to represent

5    Thurston County.

6           (10)    Thurston County Presiding Judge Gary Tabor reassigned the case to

7    Judge Bruce Heller of the King County Superior Court as a visiting judge.

8           (11)    All Thurston County judges had recused themselves.

9           (12)    The parties were notified of the case reassignment to Judge Heller by

10   letter from Lyndsey Downs, Judicial Assistant to Judge Tabor.  The letter was dated June

11   19, 2008.

12          (13)    West voiced no objection to the assignment of the case to Judge

13   Heller.  West did not file an affidavit of prejudice against Judge Heller.  West filed no

14   pleading contending that assignment of the case to Judge Heller was improper.

15          (14)    On September 3, 2008, a show cause hearing was held on West's

16   claim for violation of the Public Records Act.  On December 30, 2008, Judge Heller

17   signed an order dismissing West's Public Records Act claim against Thurston County.

18   West had voiced no objection to Judge Heller hearing his case.

19          (15)    Thurston County then filed a motion for summary judgment on all of

20   West's remaining claims, i.e., West's request for declaratory relief on representation of the

21   County by "unlawful private entities," unconstitutional expenditure of public funds,

22   fraud, and negligence.  On January 13, 2009, after receiving written briefing from both

23   Thurston County and from West, Judge Heller heard oral argument.  Judge Heller orally

24   ruled that he was dismissing West's claims of unconstitutional expenditure of public

25   funds, fraud, and negligence.  (Although the court dismissed these claims, an order was

26   not signed until a later date).  Judge Heller also announced that West's claim for

27   representation of Thurston County by "unlawful private entities" was "alive" but

28

ORDER - 13

1    "barely."  The court directed West and the County to submit supplemental briefing on the

2    question of whether West had standing to bring that claim.  Again, West raised no

3    objection to Judge Heller presiding over his case.

4           (16)    As directed, West and the County, acting through its Patterson

5    Buchanan counsel, submitted briefing to Judge Heller on the issue of standing.  The court

6    staff inadvertently assumed that the briefing pertained to motions that had not yet been

7    heard.  The court took no action.

8           (17)    In February 2009, defendant Mark Anderson became an associate

9    attorney with the law firm of Patterson Buchanan.  On April 24, 2009, Mark Anderson

10   filed a substitution of counsel in Thurston County Superior Court for Brian Waters, the

11   associate attorney who had previously worked the case.  The briefing that resulted in

12   summary judgment against West had all been filed prior to the time that Mark Anderson

13   began with Patterson Buchanan.

14          (18)    On December 11, 2009, West sent an email to Judge Heller's staff

15   stating "I've lost track, but I thought there was a ruling outstanding in regard to Thurston

16   County."

17          (19)    On February 11, 2010, Mark Anderson submitted a letter to Judge

18   Heller regarding an upcoming status conference scheduled for February 16, 2010.  In his

19   letter, Anderson indicated that his predecessor, Brian Waters, had previously brought

20   motions on all of West's claims against the County.  Anderson indicated that his

21   understanding, from review of the file, was that all of West's claims except one had been

22   decided by the court, although orders had not been entered on some of the court's

23   decisions.  The letter stated that the only claim on which the court had not yet issued a

24   decision was West's claim for illegal representation.

25          (20)    After reading the letter from Anderson, it became apparent to Judge

26   Heller that the illegal representation claim had "slipped through the cracks."

27

28

ORDER - 14

1    (21)    On March 31, 2010, during a telephonic status conference, Judge

2    Heller began by apologizing to West and to Anderson for the delay.  Judge Heller then

3    announced his ruling that West did not have standing to bring a claim of "illegal

4    representation."  Judge Heller ruled that even if West had standing, he would have

5    dismissed the claim on the merits.

6    (22)    Later the same day, March 31, 2010, at 5:41 p.m., West sent an email

7    to the court and to counsel for all parties asserting, for the first time, that Judge Heller had

8    been exercising judicial power unlawfully.  The email stated "Please regard this as a

9    formal protest concerning the unlawful exercise of judicial powers by the Honorable

10   Judge Heller . . . ."  On the next day, April 1, 2010, West sent an email to Judge Heller's

11   bailiff, Karen Zehnder-Wood, and to counsel for all parties, stating that Judge Heller was

12   an "entity unlawfully exercising the office of a Thurston County Judge."  West threatened

13   that "bar complaints, tort claims, and judicial conduct commission complaints will issue

14   all around."  On April 1, 2010, at 1:45 p.m. West also sent an email to the King County

15   Prosecutor, the Thurston County Prosecutor, the King County Ombudsman, the Attorney

16   General's Office, and counsel for the parties, with a document requesting an

17   "investigation of unconstitutional expenditure of funds and for filing of writs of quo

18   warranto."  An attachment to the email was entitled "what the heller.doc."

19   (23)    West never asserted that Judge Heller's appointment was unlawful

20   until after Judge Heller's March 31, 2010 ruling against him.

21   (24)    On April 1, 2010, the day after Judge Heller announced his March

22   31, 2010, decision to grant summary judgment in favor of Thurston County, West sent an

23   email to Karen Zehnder-Wood, bailiff for Judge Heller, which was copied to counsel for

24   the parties, threatening that "bar complaints, tort claims, and judicial conduct commission

25   complaints will issue all around."

26   (25)    On April 2, 2010, Judge Heller signed an Order Regarding Email

27   Communications With The Court, ordering West to cease and desist from making his

28

ORDER - 15

1  legal arguments via email, and stating that if West wished the court to consider whether

2  the case was improperly transferred from Thurston County, he should file and note a

3  motion, and the matter would be heard.

4           (26)    On April 5, 2010, West filed the complaint initiating the instant

5  lawsuit in Thurston County Superior Court.  The essence of the new lawsuit is stated in

6  the first paragraph of West's complaint, in which West asserts that Thurston County has

7  been negligently administered, costing the public "Millions of Dollars in needless and

8  unconstitutional expenditures resulting from the illegal exercise of the office of special

9  attorney by Michael Patterson, Mark Anderson, and their firm, and the illegal exercise of

10  the office of Judge by the Honorable Bruce Heller."  Just as in his previous lawsuit, West

11  complains that the Patterson Buchanan Defendants' representation of Thurston County is

12  illegal and unconstitutional.  Second, just as in his previous lawsuit, the new lawsuit

13  complains that Thurston County has failed to comply with the Public Records Act.

14           (27)    West contends that the decision of Judge Heller in the previous

15  lawsuit is void because Judge Heller "illegally" exercised the office of visiting Thurston

16  County Judge.  West asserts that the prosecutors of King and Thurston Counties have a

17  duty to arrest and prosecute Judge Heller and attorney Michael Patterson for

18  impersonating public officers.  West asserts that a writ of mandamus should be issued

19  compelling the Thurston and King County Prosecutors to file a writ of quo warranto

20  against Judge Heller and the Patterson Buchanan Defendants.

21           (28)    The defendants in the instant lawsuit, which include Judge Heller,

22  Thurston County, and the Patterson Buchanan Defendants (as well as other named

23  defendants), jointly removed the case to this Court.  Meanwhile, the old lawsuit before

24  Judge Heller was still pending.  Although Judge Heller had ruled orally that he was

25  granting summary judgment on West's claims against Thurston County, West's claims

26  against other defendants, including the Port of Olympia and the Association of

27  Washington Cities, remained.

28

ORDER - 16

1           (29)    On April 21, 2010, Judge Heller signed an order on his previous

2   rulings granting summary judgment in favor of Thurston County.

3           (30)    On April 28, 2010, Judge Heller recused himself.  In the Order of

4   Recusal, Judge Heller indicated that he had been advised West had filed a legal action

5   against him.  On April 29, 2010, Judge Heller's bailiff emailed the order of recusal to

6   West and to counsel and informed them that the case had been reassigned to King County

7   Judge Bruce Hilyer.

8           (31)    On May 4, 2010, West emailed a "motion to reconsider and vacate."

9           (32)    On May 17, 2010, Judge Paula Casey, Presiding Judge of Thurston

10  County Superior Court, sent a letter to West and counsel.  The letter stated:

11        Dear Mr. West and Counsel:

12            This case was declared a visiting judge matter on or about June 19, 2008 when the entire Thurston County Superior Court bench recused.

13        Following standard procedure the Presiding Judge delegated responsibility to ask our nearby jurisdictions to take this matter and King County Superior

14        Court Judge Bruce Heller agreed to take this matter.  On April 28, 2010, Judge Heller recused from further proceedings.  With the recusal of Judge

15        Heller an Order of Reassignment was issued by Judge Mary E. Roberts, Chief Regional Justice Center Judge of King County Superior Court, assigning this matter to Judge Bruce Hilyer as the visiting judge.

16            As Presiding Judge for the Thurston County Superior Court I concur in the reassignment of Judge Hilyer.  Thurston County Superior Court

17        greatly appreciates the efforts of the judges and staff of the King County Superior Court in this matter.

18                 Very truly yours,
                   Paula Casey, Presiding Judge

19

20          (33)    On May 19, 2010, West sent an email to counsel informing them that

21  on the previous day he had made a bar complaint.

22          (34)    On May 20, 2010, the newly appointed judge, Judge Hilyer, signed

23  an order denying West's motion to reconsider and vacate.  Judge Hilyer's order stated

24  that the previous order "shall not be modified" and "All causes of action asserted by West

25  against Defendant Thurston County are DISMISSED WITH PREJUDICE."

26          (35)    On May 26, 2010, West sent an email stating that, in addition to bar

27  complaints, he would be "filing criminal charges for conspiracy to deny rights protected

28  under 18 USC 241."

1    (36)    On June 4, 2010, West filed a complaint in the Western District of

2    Washington which named Judge Hilyer as the first named defendant.  West alleged in the

3    complaint that Judge Hilyer engaged in racketeering activities. West further alleged that

4    both Judge Heller and Judge Hilyer exercised the office of visiting judge unlawfully and

5    accused them of violating their oaths of office.

6    (37)    On Saturday, June 5, 2010, West accused Judge Hilyer of corruption

7    to local media and politicians. West sent an email to 82 local media officials, the subject

8    line of which read "Federal RICO complaint alleges the Presiding King County

9    Magistrate Received Payoffs from Private Association to Influence Court Rulings and

10    Conceal Illegal use of Partnership Funds - June 7 Hearing Set in Related PRA Case."

11    (38)    West then forwarded the same email to Seattle Mayor Mike McGinn

12    and the members of the King County council.   West asserted "corruption and improper

13    influence upon the judiciary of King County."

14    (39)    West then forwarded the same email chain to counsel for the parties,

15    Judge Hilyer's bailiff Lee Walters, and Judge Hilyer.

16    (40)    Saturday, June 5, 2010, was the weekend before the trial of West's

17    case against the Association of Washington Cities was set to begin in Thurston County

18    Superior Court before Judge Hilyer.

19    (41)    One of the attachments to the June 5, 2010, email chain was entitled

20    "West's Original Complaint" which named Judge Hilyer as the first named defendant.

21    This was the complaint filed in the Western District of Washington on June 4, 2010.

22    (42)    Thurston County, King County, the counties' respective

23    commissioners, and Marti Maxwell are again named as defendants, just as in the instant

24    case.

25    (43)    West makes the same argument in the June 4, 2010, federal court

26    filing that he makes in the instant case regarding the alleged improper appointment by

27

28

1    Thurston County of visiting Judge Heller, and the subsequent alleged forfeiture of office

2    by visiting Judge Heller.

3            (44)    West has argued that Judges Heller and Hilyer were not acting as

4    legitimate "visiting" judges because they did not hold court ("visit") in Thurston County.

5    However, when the trial against the Association of Washington Cities began in Olympia,

6    Washington, on June 7, 2010, before Judge Hilyer, West changed his argument and

7    asserted that he should not have to stand trial, claiming that the Public Records Act does

8    not authorize trials.

9            (45)    West sued associate attorney Mark Anderson even though all the

10   briefing that resulted in summary judgment against West had all been done by Brian

11   Waters prior to the time that Mark Anderson began working for the Patterson Buchanan

12   firm.

13           (46)    West asserted in his motion for reconsideration and vacation in his

14   losing previous case that "Sadly this type of wholesale denial of Due Process and access

15   to justice is a common policy and practice in the County Courts of the State of

16   Washington."  Yet, when the instant case was removed to federal court, West sought

17   remand.

18      B.      Based on the above itemized factual findings, the Court exercises its

19   inherent authority to issue the following order, which is narrowly tailored to fit the

20   specific conduct encountered:

21           (1)    West may file no further legal actions against the Patterson

22   Buchanan law firm (including all of its attorneys and staff), without first filing a petition

23   with the Chief Judge of the U.S. District Court for the Western District of Washington,

24   demonstrating good cause and obtaining an order of the Court granting leave to file a

25   complaint.

26

27

28

(2)     West may file no further legal actions against any state or federal judge without first filing a petition with the Chief Judge of this Court demonstrating good cause and obtaining an order of the Court granting leave to file a complaint.

(3)     West may file no further legal actions against Thurston County or any of its commissioners or employees without first filing a petition with the Chief Judge of this Court demonstrating good cause and obtaining an order of the Court granting leave to file a complaint.

(4)     West may file  no further legal actions against King County or any of its employees without first filing a petition with the Chief Judge of this Court demonstrating good cause and obtaining an order of the Court granting leave to file a complaint.

DATED this 1st day of September, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 20